JUDGE RAKOFF

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |

ALGONQUIN SHIPPING CORP.

V.

HUBEL SHIPPING CO. LTD.

**SUMMONS IN A CIVIL ACTION**

08 CIV 8041

CASE NUMBER: 08 CIV.

TO: (Name and address of Defendant)

HUBEL SHIPPING CO. LTD.
c/o Seabulk Chartering
Bryggegata 7, 4 Etg, 250
Oslo, Norway

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MAHONEY & KEANE LLP
11 Hanover Square, Tenth Floor
New York, NY 10005
Tel (212) 385-1422

an answer to the complaint which is served on you with this summons, within ____twenty (20)____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

SEP 17 2008

CLERK _____  DATE

(By) DEPUTY CLERK

JUDGE RAKOFF



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
ALGONQUIN SHIPPING CORP.,

                Plaintiff,

  -against-

HUBEL SHIPPING CO. LTD,

                Defendant.
----------------------------------x

08 Civ.

VERIFIED COMPLAINT

    PLEASE TAKE NOTICE that Plaintiff ALGONQUIN SHIPPING CORP. (hereinafter "ALGONQUIN"), by its attorneys MAHONEY & KEANE, LLP, for its Verified Complaint against Defendant HUBEL SHIPPING CO. LTD. (hereinafter "HUBEL"), alleges upon information and belief as follows:

    1.  This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 in that the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 <u>et seq.</u> and/or the Federal Arbitration Act, 9 U.S.C. §1 <u>et seq.</u>

2. At all times material hereto, Plaintiff, ALGONQUIN, was and still is a business entity duly organized and existing under the laws of the Marshall Islands with an address c/o Product Transport Corp Bermuda, 3rd Floor, 14 Par La Ville Road, Hamilton HM JX, Bermuda.

3. At all times relevant hereto, Defendant, HUBEL, was and still is a foreign business entity organized and existing under the laws of a foreign country with an address c/o Seabulk Chartering, Bryggegata 7, 4.Etg., 250 Oslo, Norway.

4. At Singapore on or about August 6, 2008, ALGONQUIN, as owner, and HUBEL, as charterer, entered into a Time Charter of the M/V ALGONQUIN pursuant to which hire was to be paid in advance by HUBEL to ALGONQUIN at the rate of $33,000 per day.

5. Pursuant to the Time Charter, Defendant was also responsible for payment to Plaintiff for bunkers, commissions, demurrage, detention, port fees, and other associated costs which would accrue during the course of the execution of the Time Charter.

6. The vessel was duly delivered to HUBEL on or before August 30, 2008 and is performing under the Time Charter.

7. Defendant breached the Time Charter by unlawfully and in contravention of the terms of the agreement, failing to pay for hire, bunkers, demurrage, detention, commissions, port fees, and/or associated costs and expenses which have accrued during the

execution of the Time Charter and for which Defendant was responsible under the terms of the Time Charter and at law.

8. HUBEL currently owes ALGONQUIN $ 1,010,050.00 in outstanding hire, bunkers, demurrage, commissions, port fees, and other associated costs and expenses which accrued during the course of the Time Charter.

9. In breach of the terms of the charter party, and despite due demand, HUBEL has refused or otherwise failed to pay the amount due and outstanding, and the full amount of $1,010,050.00 remains due and owing.

10. As a result of the foregoing, Plaintiff has incurred and will continue to incur damages, costs and expenses for which Defendant is liable pursuant to the Time Charter and at law.

11. Plaintiff has placed Defendant on notice of its claim that Defendant has breached the referenced agreement.

12. Despite Plaintiff's demand, Defendant has failed to pay the amounts due and owing to Plaintiff under the agreement.

13. Pursuant to the charter party, disputes are to be settled by arbitration in London, and Plaintiff has commenced or will shortly commence arbitration with Defendant, accordingly.

14. This action is brought to obtain security in favor of Plaintiff, ALGONGUIN, in respect to its claims against Defendant, HUBEL, and in aid of the London Arbitration proceedings.

15. This action is further brought to obtain security for the additional sums which are recoverable including Plaintiff's anticipated attorney and arbitrators' fees and costs in the London arbitration and interest, all of which are recoverable as part of Plaintiff's claim under English law.

16. As a result of Defendants' breach of the agreement, Plaintiffs have sustained damages, and, as best as can now be estimated, Plaintiffs expect to recover the following amounts by way of arbitral award:

| | |
|---|---|
| Principal Claim | $ 1,010,050.00 |
| Interest (for a period of three years at 7.5%) | 244,731.96 |
| Attorneys' and Expert's Fees, Arbitration Expenses | 300,000.00 |
| **Total** | **$1,554,781.96** |

17. Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

18. All conditions precedent required of Plaintiff in the aforesaid agreement have been performed

19. Defendant cannot be found, within the meaning of Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, within this District, but, upon information and belief, Defendant has or will have during the

pendency of this action, assets within this District and subject to the jurisdiction of this Court held in the hands of garnishees including, but not limited to, Bank of America, Bank of New York, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Mellon Bank and/or UBS, which are believed to be due and owing to Plaintiff.

20. For the purpose of obtaining personal jurisdiction over Defendant and securing Plaintiff's claim as described above, Plaintiff seek and order from this Court directing the Clerk of the Court to issue process of maritime attachment and garnishment pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 <u>et seq.</u>, restraining and attaching any assets, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit freights, sub-freights, charter hire, sub-charter hire, and/or other assets belonging to, due or for the benefit of Defendant, including but not limited to such assets as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to the aforesaid garnishees and/or any other garnishee upon whom a copy

of the Process of Maritime Attachment and Garnishment may be served.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That, since Defendant cannot be found in this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Court direct the Clerk of the Court to issue an order, pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, restraining and attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including but not limited to the Bank of America, Bank of New York, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Mellon Bank, UBS and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of **$1,554,781.96** to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged in the Complaint;

C. That the Court retain jurisdiction over this matter

through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof.

      D.   That Plaintiff have such other and further relief as this Honorable Court may deem just and proper.

Dated:    New York, New York
            September 17, 2008

                              Respectfully submitted,

                              MAHONEY & KEANE, LLP
                              Attorneys for Plaintiff
                              ALGONQUIN SHIPPING CORP.

By: _____
       Garth S. Wolfson (GW 7700)
       11 Hanover Square, Tenth Floor
       New York, New York 10005
       (212) 385-1422
       <u>File No. 12/3654/B/08/9</u>

## ATTORNEY VERIFICATION

STATE OF NEW YORK     :
                      : SS.:
COUNTY OF NEW YORK    :

    1. My name is Garth S. Wolfson.

    2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

    3. I am the attorney for Plaintiff, ALGONQUIN SHIPPING CORP. ("ALGONQUIN"), and I am fully authorized to make this Verification on ALGONQUIN's behalf.

    4. I have read the foregoing Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

    5. The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

    6. The source of my knowledge is information and records furnished to me by the Plaintiff and its counsel, all of which I believe to be true and accurate.

Dated:  New York, New York
       September 17, 2008

                                    Garth S. Wolfson (GW 7700)